IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNIE LENAN NELSON | : | CIVIL ACTION |
|  | : | No. 15-4670 |
| v. | : |  |
|  | : |  |
| JANINE L. QUIGLEY, et al. | : |  |

O'NEILL, J.                                                                                                    May 23, 2016

## MEMORANDUM

Plaintiff Johnnie Lenan Nelson, proceeding pro se, is a pretrial detainee. Dkt. No. 19 at ECF p. 5. He asserts that on or about March 26, 2015 he received a misconduct for abusing his phone privileges. Dkt. No. 8 at ECF p. 5. The following day, he was told his phone privileges were suspended. Id. Those privileges had not been restored as of August 10, 2015. Id. at ECF p. 7. As a result, plaintiff alleges that he was prevented from communicating with his family or his attorney. Id. at 6-7. Plaintiff contends that defendants' actions in refusing his telephone privileges violated his rights under the 1st, 6th and 14th Amendments and that defendants infringed on his 8th Amendment right to be free from cruel and unusual punishment.[1] Id. at ECF p. 6.

Pretrial detainees are permitted reasonable access to telephones so as not to infringe their rights under the First Amendment or impede meaningful access to the courts or counsel in violation of their rights under the Sixth and Fourteenth Amendments. See Richardson v. Morris Cnty. Corr. Facility, No. 06-2340, 2006 WL 3000234, at *4 (D.N.J. Oct. 20, 2006). Nonetheless,

---

[1] The Court of Appeals has explained that "[p]retrial detainees are not within the ambit of the Eighth Amendment but are entitled to the protections of the Due Process clause . . . the Due Process rights of a pretrial detainee are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" Kost v. Kozakiewicz, 1 F.3d 176, 188 (3d Cir. 1993), quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983). I will dismiss plaintiff's claims to the extent that he asserts violations of his rights under the Eighth Amendment.

inmates' rights to communicate, even with legal counsel, are not unlimited." Id.  Defendants move to dismiss plaintiff's complaint, arguing that plaintiff has not sufficiently alleged facts to support his claims that they deprived plaintiff of his constitutional rights.[2]  Dkt. No. 19.  To decide their motion, I must consider:  (1) whether [plaintiff] has alleged facts giving rise to an inference that no legitimate penological interest was served by . . . [d]efendants' actions, (2) whether he has sufficiently alleged that . . . [d]efendants' actions caused him an 'actual injury,' and (3) whether he had alternative avenues through which he could communicate with his attorneys and the courts" or his family.  Aruanno v. Main, 2010 U.S. Dist. LEXIS 3268, at *29, 2010 WL 251590 (D.N.J. Jan.15, 2010); see also Stokes v. Lanigan, No. 12-1478, 2012 WL 4662487, at *6 (D.N.J. Oct. 2, 2012) (same).

"[A] prisoner's right to telephone access is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'"  Almahdi v. Ashcroft, 310 F. App'x 519, 522 (3d Cir. 2009), quoting Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986); see also Turner v. Safley, 482 U.S. 78, 89 (1987) ("when a prison regulation impinges on inmates'

---

[2]  To survive defendants' motion to dismiss pursuant to Rule 12(b)(6), plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In evaluating defendants' motion, the Court must separate the legal and factual elements of plaintiff's claims, accept the well-pleaded factual allegations as true and disregard any legal conclusions.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at 211, quoting Iqbal, 556 U.S. at 679.  A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. at 679, quoting Fed. R. Civ. P. 8(a)(2).  Where, as here, plaintiff is proceeding pro se, I have "an obligation to construe the complaint liberally."  Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009).  Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests"). Defendants contend that "[p]laintiff has not pled plausible facts that the restrictions imposed on his telephone use did not serve a legitimate penological interest." Dkt. No. 19 at ECF p. 10. They argue that plaintiff "acknowledges through the letter from Warden Quigley attached to his complaint that the restrictions on his phone privileges were the result of multiple violations of the inmate telephone policy."[3] Dkt. No. 19 at ECF p. 10. However, plaintiff responds that defendants do not have a legitimate penological interest and the denial of telephone access "since March 27, 2015 . . . is . . . well beyond the range of any punitive sanction in Berks County Jail Inmate Handbook regarding violation of phone policy." Dkt. No. 22 at ECF p. 2. Plaintiff filed an application to proceed in forma pauperis in this matter on August 8, 2015. Dkt. No. 1. His complaint was filed on October 26, 2015. Dkt. No. 8. In his complaint, plaintiff alleges that "[i]t has now gone beyond 90 days which is the prescribed suspension guideline[ ] for disciplinary sanctions. Actually it is more th[a]n twice the amount." Dkt. No. 8 at ECF p. 7. He contends that he "can only surmise this suspension is indefinite since they refuse to answer [the] question" as to when his privileges might be restored. Id. at ECF p. 6. He also alleges that the prison security concerns cited by defendants are "exaggerated." Id. at ECF p. 7. Under the circumstances, I find that plaintiff has plausibly alleged that defendants lacked a legitimate penological purpose for their actions in that he has alleged that defendants entirely restricted his access to the telephone for a lengthy and apparently open-ended period of time. Cf. Almahdi, 310 F. App'x at 522 (finding that a restriction of prisoner's telephone access to one phone call per month did not violate his rights where "the telephone restrictions were implemented because

---

[3] "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Ben. Guar. Corp v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

[the plaintiff] was under investigation for telephone abuse, and he had already committed two telephone-related infractions").

Nevertheless, I must also consider whether plaintiff has sufficiently alleged facts to support a claim that he suffered an actual injury as a result of his restricted access to the telephone. To establish an access to the courts claim, plaintiff must plead facts showing "that the denial of access caused actual injury; for instance, that he was prevented from asserting a 'nonfrivolous' and 'arguable' claim." Tapp v. Proto, 404 F. App'x 563, 566 (3d Cir. 2010), citing Christopher v. Harbury, 536 U.S. 403, 415 (2002). Plaintiff alleges that as a result of the denial of his phone privileges, he "is suffering unnecessary delays and obst[a]cles resulting in critical time-frame decisions and opportunities in trial being lost" and that he lost an "opportunity to challenge denial of Court Order #5539-2013 . . . ," an order apparently related to plaintiff's ability to attend a viewing for a deceased relative. Dkt. No. 8 at ECF p. 6-7. Defendants argue that plaintiff has not alleged sufficient facts to support a claim that he suffered an actual injury as a result of his restricted access to the telephone. They contend that plaintiff "does not assert any facts to suggest that [his counsel in his criminal proceedings] did not, or was unable to, participate in the criminal proceedings because of the telephone restrictions." Dkt. No. 19 at ECF p. 12. I find that the generalized allegations of harm in plaintiff's complaint are not sufficient to plead the requisite actual injury.

Further, I must consider whether plaintiff had access to alternative methods of communication with his counsel regarding his pending criminal matter. "[I]f an inmate has another method of communicating "freely and privately with counsel, it is less likely that the restrictions on telephone use will rise to the level of a constitutional violation." Randall v. Cnty. of Berks, No. 14-5091, 2015 WL 5027542, at *17 (E.D. Pa. Aug. 24, 2015). Defendants contend

that plaintiff's complaint should be dismissed because he does not allege that he was denied access to other means to communicate with individuals outside the prison, including his counsel. See Dkt. No. 19 at ECF p. 12-15.  Indeed, in the documents which are attached to plaintiff's complaint, plaintiff and his counsel in his criminal matter were advised that there were other methods available for communicating with plaintiff, including mailed correspondence, the use of video conferencing, use of a telephone conferencing system, and on-site meetings in private interview rooms.  Dkt. No. 19 at ECF p. 14, citing Dkt. No. 8 at ECF p. 22; see also Dkt. No. 8 at ECF p. 19, 20.  Accordingly, plaintiff has not alleged facts to show that he was not afforded *any* access to communications with his counsel or his family after his telephone privileges were revoked, but rather has only pled that his access was limited by his inability to use the telephone. Plaintiff's allegations are not sufficient to support a plausible claim for relief.  Cf. Yeager v. Lackawanna Cnty. Corr. Facility, No. 3:10CV1528, 2011 WL 1151916, at *6 (M.D. Pa. Mar. 28, 2011) (finding that an allegation that the plaintiff "went eight days [without telephone access] before he was allowed to contact his attorney" was sufficient to "allege[ ] a violation of [the plaintiff's] right of access to the courts under the First and Fourteenth Amendments")

In light of plaintiff's failure to sufficiently allege that he suffered an actual injury due to defendants' conduct or that he lacked alternative means of communications, he has not "nudged [his] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).[4]  However, I will grant him leave to amend because I cannot say that

---

[4] To the extent that plaintiff endeavors to assert a claim for conspiracy, his allegations are likewise insufficient to support a claim.  See Dkt. No. 8 at ECF p. 6 ("defendants in collusion, with malice, have conspired to deny His 1st, 6th and 14th Amendments Rights, along with them infringing on his 8th Amendment to be free from cruel and unusual punishment").  "[T]he rule is clear that allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." Capogrosso v. The Sup.Ct. of N.J., 588 F.3d 180, 184-85 (3d Cir. 2009) (citation omitted).

amendment would be futile. See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) ("if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency").[5]  Plaintiff may amend his complaint to the extent that he can allege that he suffered an actual injury and was denied constitutionally sufficient access to alternative means of communication.

Also before me is plaintiff's second application for appointment of counsel[6] in this matter.  Dkt. No. 23.  Plaintiff asserts that he is "not well versed in the law and [is] having a difficult time trying to figure out how [he] is to proceed." Id. at ECF p. 1.  As I have previously explained to plaintiff, there is neither a constitutional nor statutory right to counsel for civil litigants. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002).  Rather, Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  As a threshold matter, the Court must assess whether plaintiff's case has some arguable merit in fact and law.  Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).  If plaintiff overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors when appointing pro bono counsel: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue investigation; (4)

---

Plaintiff's complaint lacks sufficient factual averments to plausibly allege the requisite agreement or concerted action between any of the defendants.

[5]   Plaintiff has filed a motion for leave to file an amended complaint. Dkt. No. 21.  I will grant that motion to the extent that plaintiff is granted leave to amend his complaint consistent with this Opinion.

[6]   On December 9, 2015, I denied plaintiff's initial motion for appointment of counsel in this matter. Dkt. No. 18.  I explained that "[t]his case is in its procedural infancy. Defendants have not yet filed an answer to plaintiff's complaint.  As such, the Court is unable to fully assess the threshold question of the arguable factual and legal merit of Mr. Nelson's claims for the purpose of appointing him counsel." Id.  Defendants filed their motion to dismiss plaintiff's complaint thereafter.

the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.  Id. at 155–56, 157 n. 5.  Upon consideration of the above factors, the Court has determined that it is appropriate to endeavor to appoint counsel from the Prisoner Civil Rights Attorney Panel to represent plaintiff in this action.  If after three months from the date of this Opinion no lawyer has agreed to represent the plaintiff, the Court will issue an Order asking plaintiff whether he will proceed pro se in this action or secure counsel on his own.

An appropriate Order follows.