IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNIE LENAN NELSON | : | CIVIL ACTION |
| | : | No. 15-4670 |
| v. | : | |
| | : | |
| JANINE L. QUIGLEY, et al. | : | |

**ORDER**

AND NOW this 23rd day of May, 2016, upon consideration of the motion to dismiss plaintiff Johnnie Lenan Nelson's complaint by defendants Janine L. Quigley, Jeffrey R. Smith, Lieutenant Phillips, Lieutenant Shearer, Lieutenant Douglas and Sergeant Rescorlo, Dkt. No. 19, and plaintiff's response thereto, Dkt. No. 22, and consistent with the accompanying memorandum of law, it is ORDERED that defendants' motion is GRANTED and plaintiff's complaint is DISMISSED with leave to amend to the extent that plaintiff can allege that that he suffered an actual injury and was denied constitutionally sufficient access to alternative means of communication.

It is FURTHER ORDERED that plaintiff's motion for leave to file an amended complaint, Dkt. No. 21, is GRANTED to the extent that plaintiff has been granted leave to amend as is set forth above and consistent with the accompanying memorandum of law.

Upon consideration of plaintiff's second motion for appointment of counsel (Dkt. No. 23), it is ORDERED that the motion is GRANTED and the Clerk of Court shall attempt[1] to appoint counsel from the Prisoner Civil Rights Attorney Panel to represent plaintiff in this action. If after three months from the date of this Order no lawyer has agreed to represent the

---

[1] Plaintiff is reminded that there is neither a constitutional nor statutory right to counsel for civil litigants. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002).

plaintiff, the Court will issue an Order asking plaintiff whether he will proceed pro se in this action or secure counsel on his own.  A deadline for the filing of any amended complaint will be established at that time.

    *s/Thomas N. O'Neill, Jr.*
THOMAS N. O'NEILL, JR., J.